UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY HANCOCK | : | |
| Plaintiff | : | Civil Action |
| v. | : | No. 2:15-cv-02090-GAM |
| OXFORD LAW, LLC    and | : | |
| A.C.C. ENTERPRISES INTERNATIONAL, LLC | : | |
| Defendants | : | |

### DEFENDANT OXFORD LAW, LLC's ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Oxford Law, LLC ("Oxford") hereby files its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint as follows:

1. Admitted only that the court has jurisdiction over this matter. It is denied that Plaintiff states a valid claim conferring jurisdiction.

2. Admitted only that the court has venue over this matter. It is denied that Plaintiff states a valid claim conferring venue.

3. Oxford is without knowledge or information to confirm or deny Plaintiff's citizenship. It is admitted that Oxford attempted to collect a debt from Plaintiff. The remaining allegations are denied.

4. Oxford is without knowledge or information to confirm or deny the corporate structure of Defendant A.C.C. Enterprises International, LLC ("ACCE"). The remaining allegations are denied as a conclusion of law.

5. Oxford is without knowledge or information to confirm or deny the corporate structure of Defendant A.C.C. Enterprises International, LLC ("ACCE").

6. Admitted that Oxford is a Pennsylvania limited liability company.  The remaining allegations are denied as conclusions of law.

7. Oxford is without knowledge or information sufficient to confirm or deny these allegations.

8. Oxford is without knowledge or information sufficient to confirm or deny these allegations.

9. Oxford is without knowledge or information sufficient to confirm or deny these allegations.

10. Oxford is without knowledge or information sufficient to confirm or deny these allegations.

11. Oxford is without knowledge or information sufficient to confirm or deny these allegations.

12. Oxford is without knowledge or information sufficient to confirm or deny these allegations.

13. Oxford is without knowledge or information sufficient to confirm or deny these allegations.

14. Admitted that Exhibit F appears to be a letter from Oxford addressed to Plaintiff.  The remaining allegations are denied.

15. Admitted that Exhibit G appears to be a letter addressed to Oxford.  However, the address for Oxford is incorrect, and the remaining allegations are denied.

16. Admitted that Exhibit H appears to be a letter from Oxford addressed to Plaintiff. The remaining allegations are denied.

17. Admitted that Exhibit I appears to be a letter addressed to Oxford. However, the address for Oxford is incorrect, and the remaining allegations are denied.

18. Denied. The allegations regarding the Utah statute are denied as a conclusion of law.

19. Denied as a conclusion of law.

20. Denied as a conclusion of law.

## COUNT I

21. Oxford repeats and realleges the foregoing paragraphs 1-20 as if set forth herein.

22. Denied as stated. The citied section of the FDCPA speaks for itself.

23. Denied that Oxford violated the stated section of the FDCPA. To the contrary, Oxford at all times acted in accordance with the provisions of the FDCPA.

24. Denied that Oxford violated the stated section of the FDCPA. To the contrary, Oxford at all times acted in accordance with the provisions of the FDCPA.

WHEREFORE, Oxford requests that this Honorable Court find in favor of Oxford and dismiss Plaintiff's complaint with prejudice.

## COUNT II

25. Oxford repeats and realleges the foregoing paragraphs 1-24 as if set forth herein.

26. Denied as stated. The citied section of the FDCPA speaks for itself.

27. Denied that Oxford violated the stated section of the FDCPA. To the contrary, Oxford at all times acted in accordance with the provisions of the FDCPA.

28. Denied that Oxford violated the stated section of the FDCPA. To the contrary, Oxford at all times acted in accordance with the provisions of the FDCPA.

WHEREFORE, Oxford requests that this Honorable Court find in favor of Oxford and dismiss Plaintiff's complaint with prejudice.

## COUNT III

29. Oxford repeats and realleges the foregoing paragraphs 1-28 as if set forth herein.

30. Denied as stated. The citied section of the FDCPA speaks for itself.

31. Denied as a conclusion of law. It is further denied that Oxford was attempting to collect on a time-barred debt.

32. Denied that Oxford violated the stated section of the FDCPA. To the contrary, Oxford at all times acted in accordance with the provisions of the FDCPA.

33. Denied that Oxford violated the stated section of the FDCPA. To the contrary, Oxford at all times acted in accordance with the provisions of the FDCPA. Moreover, Oxford was unaware of any settlement upon assignment of this account to its office.

34. Denied that Oxford violated the stated section of the FDCPA. To the contrary, Oxford at all times acted in accordance with the provisions of the FDCPA.

WHEREFORE, Oxford requests that this Honorable Court find in favor of Oxford and dismiss Plaintiff's complaint with prejudice.

## COUNT IV

35. Oxford repeats and realleges the foregoing paragraphs 1-34 as if set forth herein.

36. Denied as stated.  The citied section of the FDCPA speaks for itself.

37. Denied that Oxford violated the stated section of the FDCPA.  To the contrary, Oxford at all times acted in accordance with the provisions of the FDCPA.

38. Denied that Oxford violated the stated section of the FDCPA.  To the contrary, Oxford at all times acted in accordance with the provisions of the FDCPA.

WHEREFORE, Oxford requests that this Honorable Court find in favor of Oxford and dismiss Plaintiff's complaint with prejudice.

## COUNT V

39. Oxford repeats and realleges the foregoing paragraphs 1-38 as if set forth herein.

40. Denied as stated.  The citied section of the FDCPA speaks for itself.

41. Denied that Oxford violated the stated section of the FDCPA.  To the contrary, Oxford at all times acted in accordance with the provisions of the FDCPA.

42. Denied that Oxford violated the stated section of the FDCPA.  To the contrary, Oxford at all times acted in accordance with the provisions of the FDCPA.

WHEREFORE, Oxford requests that this Honorable Court find in favor of Oxford and dismiss Plaintiff's complaint with prejudice.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a cause of action under the FDCPA or other law.

2. Plaintiff has not suffered any actual damages as the result of any alleged act/omission of Oxford.

3. If any FDCPA violation is found, the violation was not intentional and resulted from a bona fide error, which Oxford maintained procedure reasonably adapted to avoid.

4. Plaintiff's claims are subject to set-off.

5. Any alleged FDCPA violations were immaterial and are not actionable.

6. Plaintiff relied upon and sought advice of counsel and advocates who were knowledgeable in advising her to pursue this action.

7. Plaintiff's claim is barred in whole or part by unclean hands.

8. Plaintiff's claim is barred by lack of jurisdiction.

9. Plaintiff's claim is barred by failure to join an indispensable party.

10. Oxford relied in good faith on information provided by other named Defendant and/or other third parties.

11. Oxford was not timely and/or appropriate informed concerning Plaintiff's alleged concerns or claims.

12. Venue is not proper in this district.

WHEREFORE, Oxford requests that this Honorable Court find in favor of Oxford and dismiss Plaintiff's complaint with prejudice.

/s/ Robert M. Kline

Robert M. Kline, Esquire

P.O. Box 18806

Philadelphia, PA 19119

Tel. 215-990-9490

Email: rmklinelaw@aol.com

Attorney for Defendant, Oxford Law, LLC